Case 5:25-cv-00223   Document 13   Filed on 12/12/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **JUAN DANIEL DELGADO,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-CV-00223 |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Juan Daniel Delgado's Petition for Writ of Habeas Corpus, (Dkt. 1), and Motion for Temporary Restraining Order (TRO), (Dkt. 2), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART.

Petitioner's Motion for TRO, (Dkt. 2), is DENIED as moot.

Respondents' Motion to Dismiss and, in the Alternative for Summary Judgment, (Dkt. 7), is DENIED.

Respondents are **ORDERED** to immediately release Mr. Delgado or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **December 19, 2025.**

## BACKGROUND

This case arises out of recent changes to the Department of Homeland Security's interpretation of the applicable statutory authority for the detention of noncitizens. Because the

Court considered these changes in detail in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025), it now provides an abbreviated background on the relevant changes.

On July 8, 2025, ICE announced a new policy entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (Dkt. 1 at 51.) The policy states that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a), is the applicable immigration detention authority for all noncitizens who are applicants for admission. (*See id.*) Subsequently, on September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*See id.* at 52; Dkt. 7 at 7–8); *see also Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

### A. Mr. Juan Delgado

Petitioner Juan Daniel Delgado ("Petitioner" or "Mr. Delgado") is a citizen of Mexico who has been living in the United States. (*See* Dkt. 1 at 9; Dkt. 7 at 2.) Petitioner states that he has been in the United States since 2006, while Respondents assert that Petitioner's entry date is unknown. (*See* Dkt. 1 at 9, 16; Dkt. 7, Attach. 1.)[1] He is a husband and a father to two young children. (Dkt. 1 at 9, 16.) In August of 2025, Mr. Delgado was pulled over due to an expired license plate and arrested. (*See* Dkt. 1 at 16; Dkt. 7 at 2.) On October 29, 2025, Mr. Delgado was transferred to Immigrations and Customs Enforcement custody. (Dkt. 1 at 16; Dkt. 7, Attach. 2 at 2.) Mr. Delgado remains detained at the Rio Grande Processing Center. (Dkt. 1 at 16.) Mr. Delgado was served with a Notice to Appear ("NTA") charging him with removability pursuant to Immigration

---

[1] The Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. (Dkt. 7, Attach. 1.)

### B. Procedural Background

On November 18, 2025, Petitioner filed for a writ of habeas corpus and a motion for temporary restraining order. (Dkts. 1, 2). In his Petition and Motion for TRO, Petitioner requests declaratory and injunctive relief based on claims that Respondents have unlawfully detained him without a bond hearing pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA), Federal Regulations, and the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 72–73; Dkt. 2 at 25–26); *see also* 8 U.S.C. §§ 1226(a), 1225(b)(2). Mr. Delgado requests that the Court declare that Petitioner is entitled to a bond hearing before a neutral adjudicator and issue a writ requiring that Respondents release Petitioner or provide him with a bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a). (Dkt. 1 at 73–74.)

In response, Respondents submitted a motion to dismiss and, in the alternative, for summary judgment, arguing that Petitioner failed to exhaust his administrative remedies, and that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. (Dkt. 7.)

## Legal Standard

A district court has jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to the lawfulness of immigration-related detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687

(2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

## Discussion

The issue before the Court is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a noncitizen "seeking admission," while Petitioner argues that he has been misclassified by DHS and is instead subject to discretionary detention with the potential to be released on bond because 8 U.S.C. § 1226(a) is the applicable statutory authority for the detention of noncitizens who are already present in the country. (*See* Dkt. 1 at 53–66; Dkt. 7 at 5–10.)

The Parties acknowledge that Petitioner is a member of a nationwide class that was certified on November 25, 2025, by the Central District of California in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) pertaining to this very issue. (Dkt. 10 at 2; Dkt. 11 at 2.) The "Bond Eligible Class" is comprised of "all noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista*, 2025 WL 3288403, at *1. Prior to granting class certification, the Central District of California had granted partial summary judgment on the named petitioners' claims, holding that the government's interpretation of the

INA was unlawful in so far as it subjected petitioners to mandatory detention under § 1225(b)(2) rather than § 1226. Several days later, the court expressly "extend[ed] the same declaratory relief granted to [individual] Petitioners to the Bond Eligible Class as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

Respondents raise several arguments pertaining to the effect of the class certification and declaratory relief granted by the Central District of California. (Dkt. 10 at 2–3.) First, Respondents argue that Petitioner's case should be dismissed because "[c]ertification of a 23(b)(2) class precludes individual suits for the same injunctive or declaratory relief." (*Id*. at 2) (citing *United States v. Sanchez-Gomez*, 584 U.S. 381, 387 (2018); *Gillespie v. Crawford*, 858 F.2d 1101 (5th Cir. 1998)). Indeed, a final judgment in a class action is binding on all class members in subsequent decisions under the basic principles of res judicata and collateral estoppel. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("A judgment in favor of either side is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment"). But the decision to allow an individual claim to proceed in the context of ongoing class litigation is a matter of prudential abstention rather than a statutory mandate. *See Sagastizado v. Noem*, 2025 WL 2957002, at *8 (S.D. Tex. Oct. 2, 2025) ("The Fifth Circuit has acknowledged, in the context of litigation on prison conditions, that determining whether to allow for independent claims to move forward in the context of a wider class action is a circumstance-specific inquiry."); *Gates v. Cook*, 376 F.3d 323, 328 (5th Cir. 2004) (finding that "it does not appear that the reasoning of *Gillespie* is applicable here" and allowing individual claims brought by class members to go forward during the pendency of a class action). Thus, the Court rejects Respondent's argument the Court must dismiss an individual claim merely because a class has been certified under Rule 23(b)(2).

Perplexingly, Respondents also claim that "there is no class-wide judgment, let alone any final judgment" because a partial summary judgment, granting declaratory relief to the *Maldonado Bautista* class, is not a final judgment under Rule 54(b). (Dkt. 10 at 2–3.) Such an argument further undermines Respondents position that the Court is precluded from deciding Petitioner's claims as analyzed above. Either the declaratory relief granted has preclusive effects as to Petitioner's claims for declaratory relief and the Court is required to abide by the Central District of California's determination of the legal issues, or the litigation remains ongoing, and the Court is free to reconsider the legal issue presented in the context of Petitioner's individual claim. Regardless, it is a "basic proposition that all orders and judgments of courts must be complied with promptly," *Maness v. Meyers*, 419 U.S. 449, 458 (1975); *see also* 28 U.S. Code § 2201 ("Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."). Thus, the Court holds that in so far as Petitioner is a member of the Bond Eligible Class, he is entitled to the declaratory relief entered by the Central District of California that his current detention under 8 U.S.C. § 1225 is unlawful. As such, this Court may craft an injunctive remedy in accordance with that determination and order that Respondents either release Petitioner or provide him with a bond hearing under 8 U.S.C. § 1226(a).

Additionally, the Court independently reasons that equitable relief is warranted in Petitioner's case. Petitioner's claims present nearly identical legal questions to those previously considered by the Court in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). In addition to their argument that Petitioner's claims should be dismissed due to his membership in the Bond Eligible Class, Respondents argue that the Court should dismiss Petitioner's claims because he failed to exhaust administrative remedies and because the Court should conclude Petitioner is properly detained under § 1225. (Dkt. 7.) Specifically, Respondents argue that a plain

language reading of the relevant INA provisions, the legislative history of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546, developments in agency interpretation of the INA, and prior legal precedent all support a reading of § 1225(b)(2) rather than § 1226(a) as the appliable statutory authority for Petitioner's detention. (*Id.* 5–10.) Respondents' arguments regarding failure to exhaust administrative remedies and statutory construction mirror those that this Court addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025) and that numerous other courts across this district and across the country have considered. *Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases).

As in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025), the Court found that under relevant immigration law, exhaustion of administrative remedies is statutorily required only on appeals from final orders of removal. *See Hniguira v. Mayorkas*, 2024 WL 1201634, at *6 (S.D. Tex. Mar. 20, 2024). And prudential exhaustion is not necessary where, as here, "the interests of the individual weigh heavily against requiring administrative exhaustion." *See McCarthy v. Madigan*, 503 U.S. 140, 145 (1992); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012).

Because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result as to the relevant detention authority in this case, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and has been residing in the United States, the applicable authority for his detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v.*

*Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

The Court holds that because it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner, his detention without a bond hearing is unlawful.[2]

## Conclusion

For the foregoing reasons, Mr. Delgado's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, (Dkt. 1), is GRANTED IN PART.

Petitioner's Motion for Temporary Restraining Order, (Dkt. 2), is DENIED as moot.

Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. 7), is DENIED.

The Court ORDERS that Respondents immediately release Mr. Delgado from custody, or in the alternative, provide him with a bond hearing under 8 U.S.C. § 1226(a) by **December 19, 2025 at 5:00 PM**.

If released, Respondents must notify Mr. Delgado's counsel of the exact time and location of his release **no less than three hours** prior to releasing him.

No later than **December 22, 2025, at 5:00 P.M. Central Standard Time (CST),** the Parties shall provide the Court with a status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Mr. Delgado's release from custody pursuant to this Order. The parties should also notify the Court if the Government seeks a stay of the bond decision under 8 C.F.R. § 1003.19(i).

---

[2] Mr. Delgado challenges his detention on both statutory and constitutional grounds. The Court "'will decline to decide the merits' of the due process claim at this time 'given that the Court will grant the relief [he] seeks based on its interpretation of the applicability of § 1226(a).'" *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.4 (quoting *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025).

IT IS SO ORDERED.

SIGNED this December 12, 2025.

                                                       Diana Saldaña
                                                       United States District Judge